THE BOARD OF SUPERVISORS OF VERMILION COUNTY
*v.*
THE PEOPLE *ex rel.* Elmer E. Witherspoon.

*Opinion filed February 17, 1899.*

1. TOWNSHIP ORGANIZATION—*when county board must give notice of filing petition to create a new town.* A county board cannot refuse to give notice of the filing of a petition to create a new town, as required by section 1 of article 3 of the Township Organization act, (Laws of 1895, p. 319,) because the petition does not state that the name of the proposed town had been filed with the Auditor, as provided in section 58 of the act on counties. (Rev. Stat. 1874, p. 312.)

2. SAME—*a new town need not be named until created.* Section 58 of the act on counties, requiring the proposed name of a new town to be filed with the State Auditor and his certificate of recognition obtained, need not be complied with until the petition to create the town has been favorably acted upon.

*Board of Supervisors* v. *People,* 78 Ill. App. 321, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

The opinion announced in this case by Mr. Justice BURROUGHS, speaking for the Appellate Court for the Third District, states fully the points of law and fact involved, and is as follows:

"The appellee commenced, in the circuit court of Vermilion county, *mandamus* proceedings against the appellant. The original petition for the writ was demurred to and the demurrer sustained. Thereupon the appellee, by leave of court, filed an amended petition, setting up that on July 12, 1897, there was filed with the county clerk of the county of Vermilion and State of Illinois a petition, a copy of which was attached, made a part hereof and marked 'Exhibit A,' which was signed by the relator and 187 others, all voters of and residents in the following described territory, to-wit: (Then describing by metes

and bounds 30½ square miles of territory constituting parts of the towns of Vance, Catlin, Sidell and Carroll, in said county;) that the persons signing said petition constituted more than three-fourths of the voters residing in the territory above described on July 12, 1897, and the number of voters then residing in said territory who did not sign the said petition were 18, and no more, and that the total number of voters in said territory then was 206, and no more, all of which was shown in said petition to said board by the affidavits of good and reliable citizens. It was also stated that in and by said petition the said board of supervisors was asked to create a new town out of said described territory for the convenience of the inhabitants residing therein; that after such new town shall be created out of said described territory the said towns of Vance, Catlin, Sidell and Carroll will each still contain more than ten square miles of land; that after the said petition had been so filed and presented to said board the said petitioners asked that the said board give notices of the presenting of said petition and of the date of its final hearing, as is required by the provisions of section 26, chapter 139, Hurd's Ill. Stat., but that said board refused so to do, contrary to the wishes of said petitioners and over their express objections; that until the said board of supervisors shall give said notices aforesaid, no further steps can be taken in order to create the said new town according to the prayer of the said petitioners. The amended petition contains the other usual averments in a petition for a writ of *mandamus*, and prays such writ may issue directed to appellant, commanding it forthwith to give notice of the presenting of said petition, and when it shall be considered as required by said section of said chapter of our statutes, and for such further order as may be required. The 'Exhibit A' attached to this amended petition contains a full formal petition, as described in the amended petition for the writ, and in every particular conforming to the requirements of such

a petition as provided by said section 26, chapter 139, Hurd's Rev. Ill. Stat.

"To this amended petition the appellant interposed a demurrer, which the circuit court overruled. The appellant elected to stand by the demurrer, and the court awarded the peremptory writ of *mandamus* as prayed for in the amended petition. The appellant brings the case to this court, and insists the judgment of the circuit court should be reversed because (1) the amended petition fails to show a demand upon the appellant to give the desired notice; (2) the amended petition failed to show the name for the proposed new town had been filed in the office of the State Auditor, and his certificate obtained as is provided by section 60, chapter 34, S. & C. Ill. Rev. Stat.; (3) the amended petition did not state that the several towns from which the proposed new town is to be taken will each have left at least ten square miles of territory.

"An inspection of the amended petition shows that it does contain averments setting up the very demand which the appellant claims it does not; also, it contains an express averment that the several towns out of which territory is sought to be taken for the new town will each have remaining more than ten square miles; and as to the other contention about the name of the proposed new town, we are satisfied that our statute only requires the board of supervisors to refrain from naming a new town created by it, until the proposed name has been filed with the Auditor of Public Accounts and his certificate obtained, as provided by section 59, chapter 34, Hurd's Ill. Stat. In this proceeding the appellee only sought, and the circuit court only adjudged, that the appellant give notice that the petition for the new town was filed and when it would be acted upon, as required by section 26, chapter 139, Hurd's Ill. Stat. This notice was necessary to be given in order that the appellant might act upon the merits of the petition for the creation of the new town, and after it has so acted and concluded to create a new

town as petitioned for, and concludes to give it a name, before giving it such name will it be necessary for it to act under section 59, chapter 34, Hurd's Ill. Stat.?

"Finding the judgment of the circuit court appealed from in this case is in accordance with the law arising out of the facts well pleaded in the amended petition, which were admitted by the demurrer thereto, we affirm its judgment."

S. G. WILSON, State's Attorney, G. T. BUCKINGHAM, and EDWIN WINTER, for appellant.

ISAAC A. LOVE, and WILLIAM R. JEWELL, Jr., for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Thorough investigation of the points presented by the briefs of counsel has led to the conclusion the record herein is free from error.   The legal principles involved are fully and satisfactorily treated in the opinion of the Appellate Court, and that opinion is adopted as the opinion of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*